**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE J. STRICKLAND, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-30 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Lawrence J. Strickland's pro se Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1). The Government filed a Response to Petitioner's § 2255 Motion and Motion to Dismiss (ECF No. 3). Movant filed a Supplement (ECF No. 8) and a Reply memorandum (ECF No. 9), so the matter is fully briefed and ready for decision. For the following reasons, the Motion to Vacate and Supplement will be denied without an evidentiary hearing.

**I. Procedural Background**

On April 21, 2017, Strickland was charged by Indictment in the Eastern District of Missouri with being a convicted felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1). United States v. Lawrence J. Strickland, Case No. 1:17-CR-41 RLW (E.D. Mo.).[1] The Office of the Federal Public Defender was appointed to represent Strickland on May 1, 2017, and Assistant Federal Public Defender Michael Skrein entered an appearance on Strickland's behalf on May 2, 2017 (ECF Nos. 9, 10).

---

[1] Subsequent references to documents filed in the Court's Electronic Case Filing System refer to the criminal case, 1:17-CR-41 RLW, unless otherwise stated.

On August 21, 2017, Strickland executed a Guilty Plea Agreement pursuant to which he pled guilty to being a convicted felon in possession of a firearm as charged in the Indictment. (Plea Agreement, ECF No. 39 at 1; Presentence Investigation Report ("PSR"), ECF No. 46 at 3, ¶ 1). On August 21, 2017, Strickland appeared in Court with his attorney and pled guilty to being a convicted felon in possession of a firearm as charged in the Indictment. In the Guilty Plea Agreement, Strickland acknowledged "having voluntarily entered into both the plea agreement and the guilty plea," and that "[he], is in fact, guilty." (ECF No. 39 at 11.)

The Guilty Plea Agreement stated in part that in connection with the current offense, in which Strickland possessed a 12 gauge shotgun and ammunition, Strickland told the arresting officer "he knew he was not supposed to have the gun because he was a convicted felon." (Id. at 4.) The parties agreed that Strickland's "base offense level is found in Section 2K2.1 and depends on the nature of the firearm, the defendant's criminal history and other factors therein." (Id. at 6.) The parties further agreed that on the date of the charged offense, Strickland had previously been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year:

(1) On February 28, 2002, in the Circuit Court of Scott County, Missouri, in Case Number 33R050100989-01, for the Class A felony of Trafficking in the First Degree and the Class B felony of Sale of a Controlled Substance;

(2) On March 25, 2002, in the Circuit Court of Marion County, Missouri, in Case Number CR501-583FX, for the Class B felony of Unlawful Use of a Weapon.

(ECF No. 39 at 3.)

With respect to statutory penalties, the Guilty Plea Agreement stated:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than ten (10) years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three (3) years.

In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of fifteen (15) years and a maximum sentence greater than described

above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence. However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

(ECF No. 39 at 5) (emphasis added).

At the start of change of plea hearing, the Court placed Strickland under oath and engaged in a colloquy with him to determine his understanding and competence to enter a plea of guilty:

THE COURT: How old are you, sir?

THE DEFENDANT: 42.

THE COURT: How far did you go in school?

THE DEFENDANT: I went to the 12th grade.

THE COURT: Are you currently under the care of a physician or psychiatrist?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything about that care that would affect your ability to understand what's happening here today?

THE DEFENDANT: I've got my lawyer to talk to me.

THE COURT: Okay. Are you taking any medicines on a regular basis?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything about those medicines you're taking that would affect your ability to understand what's happening here this morning?

THE DEFENDANT: No. But I got my lawyer.

THE COURT: You will talk to your lawyer if there's something that you're confused about or having trouble understanding?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Have you had any drugs or alcohol in the last 24 hours?

THE DEFENDANT: No, sir.

THE COURT: Are you under the influence of anything other than the medicines that you just indicated to me?

THE DEFENDANT: No, sir.

THE COURT: Do you understand what's happening here today?

THE DEFENDANT: Yes, sir. It's a guilty plea.

THE COURT: Yes. Do you understand why you're here, for the guilty plea?

THE DEFENDANT: Yes, sir.

THE COURT: Is there -- does counsel for the Government or counsel for the Defendant have any doubt as to the Defendant's competence to enter a plea at this time?

MR. KOESTER: No, Your Honor.

MR. SKRIEN: No, Your Honor.

(Plea Tr., ECF No. 67, 3:7-4:24.)

The Court asked Strickland questions concerning his knowledge and understanding of the

Guilty Plea Agreement as follows:

THE COURT: Did you sign this document here today?

THE DEFENDANT: Yes, sir.

THE COURT: Did you read it and discuss it with Mr. Skrien before you signed it?

THE DEFENDANT: He went over it with me.

THE COURT: Okay. Is there everything in there true to the best of your knowledge and understanding?

THE DEFENDANT: In the truth of the -- with all the paperwork?

THE COURT: Yes.

THE DEFENDANT: Yes, sir.

THE COURT: Have there been any other promises made to you or agreements entered into by you related to your guilty plea that aren't written down in this document?

THE DEFENDANT:  No, sir.

(Id. 9:9-10:1.)

During the change of plea hearing, the Court read aloud the paragraphs from the Guilty Plea Agreement that concerned statutory penalties, including that "[i]n certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of fifteen (15) years and a maximum sentence greater than described above." (ECF No. 67, 16:2-25.) The Court asked Strickland if he had an opportunity to discuss the possible penalties with his attorney and Strickland responded, "Yes, sir." (Id. 17:1-3.) The Court asked if Strickland had any questions about it, defense counsel asked for "a moment," and a discussion was held off of the record. (Id. 17:4-11.)  When the discussion ended, the Court asked Strickland again if he had any questions about the possible penalties and Strickland responded, "No, sir." (Id. 17:13-15.)

The Court asked defense counsel to outline the parties' agreements concerning the sentencing guidelines. Defense counsel responded in part,

> MR. SKRIEN: Your Honor, according to this agreement and what I have discussed with my client and the U.S. Attorney we had no agreement as to the base offense level, and that is due in part, because the base offense level is calculated based on Mr. Strickland's criminal history, and, of course, in every plea agreement there is no agreement as to criminal history.

(Id. 18:18-19:1.)

The Court also informed Strickland about the Presentence Investigation Report:

> THE COURT: Mr. Strickland, we will have a presentence report prepared by the probation office, and that report will have a lot of information about you and your crime, and it will also have a section where the probation office will calculate the sentencing guidelines and tell us what they think the guideline calculations are. You and Mr. Skrien and Mr. Koester will get copies of the presentence report, and both sides have a right to object if either of you think the presentence report is wrong.
>
> I will not sentence you, sir, until I've reviewed the presentence report and heard any objections that are made to it. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Id. 20:5-20.)

The Court asked Strickland if he had enough time to discuss his case with Mr. Skrein and if he was satisfied with his lawyer's representation of him in the case, and Strickland replied, "Yes, sir." (Id. at 6:8-14.) When asked if there was anything Strickland wanted his attorney to do that counsel refused to do in representing him in this case, Strickland responded, "No, sir." (Id. 6:15-18.) In the Plea Agreement, Strickland represented that he was "fully satisfied with the representation" he had received from his attorney. (ECF No. 39 at 11.)

The United States Probation Office subsequently prepared a Presentence Investigation Report ("PSR") which stated in part:

> The parties did not estimate a Total Offense Level. Depending on the underlying offense and the defendant's criminal history, the defendant could be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and USSG §4B1.4. If the Court finds the defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. The parties reserve the right to argue that the defendant is or is not an Armed Career Criminal.

(ECF No. 46 at 4, ¶ 8.)

In calculating the Base Offense Level, the PSR concluded Strickland had prior felony convictions for either a crime of violence of a controlled substance offense and identified them as follows:

> Base **Offense Level**: The guideline for a violation of 18 U.S.C. § 922(g)(1) is USSG §2K2.1. The base offense level is 24 as the defendant committed any part of the instant offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense, Unlawful Use of a Weapon- Shoot at a Person or a Motor Vehicle in Docket No. CR501-583FX, Trafficking in Drugs 1st Degree and Sale of a Controlled Substance in Docket No. 33R050100989-01. USSG §2K2.1(a)(2).

(Id. at 5, ¶ 23.)

The PSR found that Strickland had at least three prior convictions for a violent felony or serious drug offense and concluded as a result that he was an armed career criminal and subject to an enhanced sentence under 18 U.S.C. § 924(e):

> Chapter **Four Enhancement**: The offense of conviction is a violation of 18 U.S.C. § 922(g), and the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. (Unlawful Use of a Weapon-Shoot at a Person or a Motor Vehicle in Docket No. CR501-583FX, Trafficking in Drugs 1st Degree and Sale of a Controlled Substance in Docket No. 33R050100989-01) Therefore, the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). The offense level for an armed career criminal is the greatest of USSG §4B1.4(b)(1), (b)(2) or (b)(3). Therefore, the offense level is 33. USSG §4B1.4(b)(3)(B).

(ECF No. 46 at 6, ¶ 29). Because Strickland was an armed career criminal, his criminal history category was determined to be IV rather than III. (Id. at 8, ¶ 39.)

Prior to sentencing, defense counsel filed a motion for leave to withdraw Strickland's plea of guilty and motion to withdraw as attorney and to have substitute counsel appointed (ECF No. 49). The Court took up these motions at the start of the sentencing hearing, and stated its understanding that Strickland's dissatisfaction came from the amount of time that the Sentencing Guidelines were recommending.  Strickland agreed this was correct. (Sent. Tr., ECF No. 62, 2:15-24.) The Court discussed with Strickland the terms of the Guilty Plea Agreement:

> THE COURT: But let me read this to you because this is what you signed on August 21st.
>
> Under "Statutory Penalties," it says, "The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than ten years, a fine of not more than $250,000 or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years. In certain situations, under Title 18, United States Code, Section 924(e), Armed Career Criminal, the Defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than that above. The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel, and will not" -- I repeat -- "will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.

However, both parties retain the right to litigate whether Section 924(e) applies to the Defendant."

Your lawyer can litigate that issue to me this morning.

Next section, sentence -- Section 6 -- no -- it's 6(c). It says "Total Offense Level." "The parties do not have an estimate of the Total Offense Level."

So at the time of the plea we didn't have it.

"Depending on the underlying offense and Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as a VI. Defendant has discussed these possibilities with counsel. Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal."

Section 12 of your Plea Agreement says, "No right to withdraw guilty plea."

"Pursuant to Rule 11(c) and (d), *Federal Rules of Criminal Procedure*, the Defendant understands that there will be no right to withdraw the guilty plea under this Agreement except where the Court rejects those portions of the Plea Agreement with -- dealing with charges the Defendant – the Government agrees to dismiss or not bring."

So you signed it saying that with -- that -- understanding that you had no right to withdraw your guilty plea. Now do you want to respond to that or you want me to rule?

THE DEFENDANT: I -- I -- I actually signed it because my attorney told me to sign it.

I don't know what's going on, Your Honor. I put it in the faith of God and my attorney. And for one, I don't see how we got here. I honestly do not. I was promised zero to ten years and that I was guaranteed I wouldn't get the ten. And so that's why I waived all my rights. And ---

THE COURT: But all of that was discussed with you when I asked you the questions, not when your attorney asked you the questions. I asked you did you want to plead guilty; did you understand that these possibilities existed, and you said "yes." And right now, because the Total Offense Level and the Criminal History Category came back different than what you believed, you're upset about it. But your lawyer can argue to me this morning that these things don't apply to you and ask for a different sentence.

THE DEFENDANT: Yes, sir.

8

THE COURT: So I'm going to overrule your Motion to Withdraw the Plea. (ECF No. 62, 2:25-5:14.)  The Court also denied defense counsel's motion to withdraw. (Id. 5:25-6:4.)

In mitigation of Strickland's sentence, defense counsel first argued that the Armed Career Criminal status should not apply to him because it was unjust under the circumstances that both counts of one of Strickland's prior offenses were considered separate offenses for purposes of § 924(e).[2] (Id. 7:8-8:4.) The government responded that the counts occurred in the same case but on two different dates, and the Court overruled the objection. (Id. 8:11-9:7.) Defense counsel then argued that the two offenses in the single case were a continuing course of conduct and for that reason should not be counted as separate offenses. (Id. 9:10-12.) The Court overruled the objection. Finally, defense counsel argued there was ongoing litigation before the Eighth Circuit Court of Appeals challenging Missouri drug statutes, in that the statutes' wording included some attempts and conduct that would disqualify them from being considered serious drug offenses for purposes of § 924(e). (Id. 10:5-14.) The Court also overruled this objection and Court sentenced Strickland as a career offender to the mandatory minimum sentence of 180 months imprisonment. (ECF No. 54.)

Strickland appealed his sentence arguing the Court erred in sentencing him as an armed career criminal because his two crack cocaine sales were charged as two counts in the same case, were part of a continuing course of conduct, and therefore should be counted as only one predicate conviction. The Eighth Circuit Court of Appeals rejected this argument and affirmed. United States v. Strickland, 759 F. App'x 544, 544-45 (8th Cir. 2019).

---

[2]This offense was the February 28, 2002, conviction in Scott County, Missouri for Trafficking in Drugs lst Degree (Count 1), and Sale of a Controlled Substance (Count 2), set forth in Paragraph 36 of the PSR.

Strickland filed a petition for writ of certiorari with the United States Supreme Court which was denied on October 7, 2019. (ECF No. 74.) Strickland timely filed the instant Motion to Vacate his sentence on February 10, 2020.

## II. **Grounds Raised**

Movant raises two grounds of ineffective assistance of plea counsel in his § 2255 Motion:

(1) Counsel was ineffective for failing to argue at sentencing that Strickland's convictions under Missouri Revised Statutes § 195.211 could not be used as predicate controlled substance offenses, because the statute is overbroad as it criminalizes conduct that is not criminal under federal law. "Specifically, it criminalizes the delivery of a controlled substance which is not criminalized under federal law." (ECF No. 1 at 4.)[3]  Strickland asserts that "[d]elivery by its very terms is a means to commit a controlled substance violation in Missouri. Therefore, [the statute] is indivisible and under a categorical approach it cannot stand as a controlled substance offense to trigger the career offender enhancement." (Id.) Strickland further argues in his first ground, "Because the least culpable conduct covered by § 195.211 is attempted delivery or an offer therefor of a controlled substance, the district court erred by using the prior Missouri convictions as a basis for increasing Movant's offense level because they are not controlled substance offenses within the meaning of the federal guidelines." (ECF No. 1 at 8.)[4]

(2) Counsel was ineffective for failing to obtain mental health records or opinions from Strickland's mental health providers, as the mental health issues Strickland suffered from at the time the "offense was committed caused Movant to not be cognizant that he had any previous

---

[3]This and subsequent citations are to filings in the § 2254 habeas corpus action, 1:20-CV-30 RLW, unless otherwise stated.

[4]A review of Missouri Case.net shows that only one of the two counts on which Strickland was convicted in the Scott County, Missouri case was charged under § 195.211, Mo. Rev. Stat.: Sale of a Controlled Substance (Count 2). Strickland's Trafficking in Drugs 1st Degree conviction (Count 1) was charged under § 195.222, Mo. Rev. Stat.

criminal convictions and thus could not appreciate that he could not have a firearm in his possession." (ECF No. 1 at 9.)  "Based [on] Movant's mental health state at the time of offense occurrence, he could [not] have knowingly violated the federal gun possession statute. Thus, there is no way Movant could have knowingly entered a guilty plea both knowingly and voluntarily." (Id.)

## III. <u>Legal Standard</u>

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. <u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

To prove ineffective assistance of counsel, a defendant must demonstrate both that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  <u>Id.</u> at 689. If a defendant can meet the first part of the <u>Strickland</u> test, he must still show that counsel's deficient performance prejudiced him. "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different." <u>Jackson v. United States</u>, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoted case omitted).

"'Surmounting <u>Strickland</u>'s high bar is never an easy task,' <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010), and the strong societal interest in finality has 'special force with respect to

convictions based on guilty pleas.' <u>United States v. Timmreck</u>, 441 U.S. 780, 784 (1979)." <u>Lee v.</u> <u>United States</u>, 137 S. Ct. 1958, 1967 (2017). "Judges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." <u>Id.</u> Generally, to establish prejudice where a defendant has entered a guilty plea, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>United States v. Frausto</u>, 754 F.3d 640, 643 (8th Cir. 2014) (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)). Here, the relief Strickland seeks is "Resentencing without career offender enhancements, withdrawal of guilty plea." (ECF No. 1 at 16.)

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." <u>Sanders v. United States</u>, 341 F.3d 720, 722 (8th Cir. 2003) (quoting <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995)).

**IV. Discussion**

A. <u>Failure to Argue Conviction Under § 195.211, Mo. Rev. Stat., Was Not a Serious Drug Offense</u>

Strickland claims in his § 2255 Motion that defense counsel was ineffective for failing to argue at sentencing that his conviction under § 195.211, Missouri Revised Statutes, could not be used as a "serious drug offense" predicate under 18 U.S.C. § 924(e) because the statute is indivisible and overbroad, as it criminalizes conduct that is not illegal under federal law.

The merits of Strickland's legal argument are foreclosed by controlling Eighth Circuit precedent. In <u>Martinez v. Sessions</u>, 893 F.3d 1067 (8th Cir. 2018), the Eighth Circuit addressed an overbreadth argument involving a conviction for possession of a controlled substance with intent

to deliver under § 195.211.[5] After examining the text of § 195.211, the Missouri approved jury instructions, and Missouri court decisions, the Eighth Circuit concluded the specific controlled substance was an element of § 195.211, not a means, and therefore the statute was divisible based on the identity of the controlled substance. Martinez, 893 F.3d at 1072-73. This holding is directly contrary to Strickland's argument that the specific controlled substance is a means and the statute is indivisible. Strickland's conviction under § 195.211 was for distribution of cocaine base, which is listed in the federal drug schedules.

The Eighth Circuit has also rejected the argument that a "prior Missouri conviction for possession of a controlled substance with intent to distribute does not qualify as a 'controlled substance offense' under the Sentencing Guidelines because the Missouri statute is broader than the definition of 'controlled substance offense.'" United States v. Jackson, 909 F.3d 922, 924-25 (8th Cir. 2018) (citing cases).

Although the definition of "controlled substance offense" under the career offender guideline is not identical to the definition of a "serious drug offense" under the Armed Career Criminal Act ("ACCA") at issue here, the Eighth Circuit has observed that "both prohibit distributing or possessing with intent to distribute a controlled substance." United States v. McDaniel, 925 F.3d 381, 388-89 (8th Cir. 2019). In McDaniel, the Eighth Circuit rejected the argument that convictions under § 195.211 are not "serious drug offenses" under the ACCA, and affirmed the defendant's sentence as an armed career criminal based on three convictions under the statute. In United States v. Hill, 912 F.3d 1135, 1136 (8th Cir. 2019), the Eighth Circuit

---

[5]The Martinez case concerned removal proceedings under 8 U.S.C. § 1227(a)(2)(B)(i). Under that section, an alien is removable if he has been convicted of violating "any law or regulation of a State ... relating to a controlled substance (as defined in section 802 of Title 21)." Section 802 defines "controlled substance" as a "drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of [21 U.S.C. § 812]." 21 U.S.C. § 802(6).

affirmed an ACCA sentence based on § 195.211 convictions because "the district court properly counted Hill's convictions under a Missouri statute that forbade an offer to sell controlled substances." Id. at 1136 (noting that § 195.211 criminalizes "the distribution, delivery, manufacture, or production of a controlled substance" and "'[d]elivery' includes both the sale of a controlled substance and the 'offer therefor'").

If Strickland's plea counsel had argued at sentencing that Strickland's convictions under § 195.211 could not be used as predicate controlled substance offenses because the statute is overbroad as it criminalizes conduct that is not criminal under federal law, the Court would have rejected the argument as meritless. An attorney is not ineffective for failing to make meritless arguments or claims. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam); cf. United States v. Rodriguez, 612 F.3d 1049, 1055 (8th Cir. 2010) (criminal defendant does not have a right to an attorney who will advance meritless legal theories).

Strickland cannot meet either prong of the applicable Strickland test, as he cannot show that plea counsel's performance was deficient for failing to make a non-meritorious argument at sentencing, or that he was prejudiced by counsel's failure to make such an argument. As a result, the ineffective assistance of counsel claim in Ground One will be dismissed.

B.  Failure to Obtain Mental Health Records or Opinions; Incompetence to Enter Plea

Strickland's second ground asserts that his counsel was ineffective because he "was aware that [Strickland] suffered from mental health issues at the time the offense was committed but made no effort to obtain mental health records or opinion[s] from Strickland's mental health providers." (ECF No. 1 at 9.) Strickland asserts he suffered from serious mental health issues at the time of the offense that "caused [him] to not be cognizant that he had any previous criminal convictions and thus could not appreciate that he could not have a firearm in his possession." (Id.) Strickland asserts that "based [on his] mental health state at the time of offense occurrence, he

could [not] have knowingly violated the federal gun possession statute. Thus, there is no way Movant could have knowingly entered a guilty plea both knowingly and voluntarily." (Id.) This ground includes multiple claims that the Court discusses separately.

### 1. Substantive Competency Claim

The Court interprets Ground 2 as asserting, in part, a substantive competency claim, because Strickland contends he was not competent to plead guilty. See Vogt v. United States, 88 F.3d 587, 590-91 (8th Cir. 1996) (discussing substantive and procedural competency claims). A denial of substantive competency to stand trial is a proper ground for relief under 28 U.S.C. § 2255. Weisberg v. Minnesota, 29 F.3d 1271, 1276 (8th Cir. 1994).  The issue is whether Strickland was competent to plead guilty.  See Vogt, 88 F.3d at 591. The test for determining competency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and whether he has "a rational as well as a factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). "The burden of persuasion [is] on petitioner to show that he was incompetent by a preponderance of the evidence." Vogt, 88 F.3d at 591.

To the extent Strickland alleges he was not competent to enter a guilty plea, and mental health records or a psychiatric evaluation would have revealed that fact, he fails to meet his burden to show by a preponderance of the evidence that he was incompetent at the time of his guilty plea. Strickland offers no evidence to support this conclusory allegation, and it is contradicted by his testimony at the plea hearing. Strickland testified he was under the care of a physician or psychiatrist and was taking medications, but stated that nothing about this would affect his ability to understand what was happening, and that he would talk to his lawyer if he did not understand. Strickland testified he understood he was in court for a guilty plea. The Court asked both defense counsel and counsel for the Government if they had any doubts as to Strickland's competence to

enter a plea and they said no. (Plea Tr., ECF No. 67, 3:7-4:24.) The Court made an independent finding at the plea hearing that Strickland was competent to proceed. Strickland also testified he was satisfied with his attorney's representation of him in the case and that his counsel had not failed do anything Strickland wanted him to do in representing him.  (Id. at 6:8-18.) See United States v. Turner, 644 F.3d 713, 725 (8th Cir. 2011) ("not every manifestation of mental illness demonstrates incompetency to stand trial").

In a letter to the Court dated July 20, 2020 (1:20-CV-30, ECF No. 8), Strickland states, "During my negotiation process with the prosecution office, I had extensive conversations with my attorney regarding right decisions and potential outcomes." (Id. at 1.) This admission further undercuts any assertion that Strickland was not competent to enter a guilty plea.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). Here, during the plea hearing Strickland testified that he understood he was there to plead guilty, he was satisfied with his lawyer and no threats or promises had been made to induce him to plead guilty, and he admitted his guilt and volunteered statements to confirm that admission. Strickland has a heavy burden to overcome those admissions and show that his plea was involuntary. See Blackledge v. Allison, 431 U.S. 63, 72-74 (1977); Nguyen, 114 F.3d at 703.

Strickland fails to meet that burden here. In light of the fact that Strickland's competency was not in question at the time of his plea, he has not demonstrated that defense counsel's failure to obtain mental health records or a psychiatric evaluation fell below an objective standard of reasonableness or resulted in any prejudice to him.

## 2. Lack of Knowledge of Criminal Conduct

Strickland also alleges in Ground 2 that he was suffering from mental health issues at the time he possessed the firearm on January 31, 2017 that precluded him from being aware he had a previous criminal conviction such that he could not legally possess a firearm. This allegation is also conclusory and unsupported by evidence. Further, it is contradicted by the record. In the Guilty Plea Agreement, Strickland "admits to knowingly violating Title 18 United States Code, Section 922(g)(1), and admits there is a factual basis for the plea." (ECF No. 39 at 2.) The Guilty Plea Agreement also states that Strickland admitted to investigating officers on the day he possessed the firearm that he knew he was not supposed to have the shotgun because he was a convicted felon. (ECF No. 39 at 4.) At the plea hearing, Strickland testified that he signed the Guilty Plea Agreement, defense counsel had gone over the document with him before he signed it, and everything in it was true to the best of his knowledge and understanding. (Plea Tr., ECF No. 67, 9:9-10:1.) Strickland's admissions "carry a strong presumption of verity." Nguyen, 114 F.3d at 703.

The Guilty Plea Agreement also states that on the date of the charged offense, Strickland had previously been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year: (1) On February 28, 2002, in the Circuit Court of Scott County, Missouri, in Case Number 33R050100989-01, for the Class A felony of Trafficking in the First Degree and the Class B felony of Sale of a Controlled Substance; and (2) on March 25, 2002, in the Circuit Court of Marion County, Missouri, in Case Number CR501-583FX, for the Class B felony of Unlawful Use of a Weapon. (ECF No. 39 at 3.) The PSR states that Strickland was sentenced to ten (10) years in prison on the Trafficking in the First Degree charge and five (5) years on the Sale of a Controlled Substance charge in the Scott County case, to be served concurrently; and ten (10) years in prison on the Unlawful Use of a Weapon Charge in the Marion County case, to be served

concurrently with the term of imprisonment from the Scott County case.  (ECF No. 46 at 7-8, ¶¶ 35, 36.) The PSR states that Strickland was imprisoned on these charges from March 24, 2002 until September 5, 2007, when he was released on parole, a period of over five years. (Id.)

In light of these facts, Strickland's post-plea assertion that he did not knowingly possess the firearm on January 31, 2017 because of his mental health issues is contradicted by the record. Strickland fails to meet his burden to demonstrate that under these circumstances, defense counsel's failure to obtain mental health records or a psychiatric evaluation fell below an objective standard of reasonableness or resulted in any prejudice to him.

### 3. *Rehaif* Claim

To the extent Strickland asserts a claim in Ground 2 under Rehaif v. United States, 139 S. Ct. 2191 (2019), it fails for multiple reasons.  In Rehaif, the Supreme Court held that the scienter requirement in 18 U.S.C. § 922(g) applies not only to a defendant's possession of firearms or ammunition but also to the defendant's prohibited status. Rehaif, 139 S. Ct. at 2200. "For example, in prosecutions under Section 922(g)(1), the United States must prove, in addition to knowing possession, that at the time of that possession, the defendant knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year." Ramsey v. United States, 4:19-CV-2643 SNLJ, 2020 WL 5230891, at *8 (E.D. Mo. Sept. 2, 2020). This requirement does not require proof that the defendant specifically knew he was legally prohibited from possessing a firearm. Id.

The Court finds that Strickland's claim under Rehaif should be dismissed as waived and procedurally defaulted. To the extent it asserts a claim of ineffective assistance of counsel, it fails on the merits.

a. <u>Strickland Waived His Right to Bring this Claim</u>

In the Guilty Plea Agreement, Strickland waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (ECF No. 39 at 8, ¶ 7.b.) It is well established a defendant may waive his Section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." <u>See</u> <u>DeRoo v. United States</u>, 223 F.3d 919, 923 (8th Cir. 2000); <u>United States v. Andis</u>, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. <u>Andis</u>, 33 F.3d at 891 (citing <u>DeRoo</u>, 223 F.3d at 923-24). The Eighth Circuit has cautioned, however, that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." <u>Id.</u>

Here, Strickland entered into the Guilty Plea Agreement knowingly and voluntarily, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. Strickland has not established that enforcement of the waiver would result in a "miscarriage of justice." As detailed above, a review of the facts admitted by Strickland in the Guilty Plea Agreement concerning his knowledge of his prohibited status and his prior convictions, and confirmed during the change of plea and sentencing hearings, contradicts any claim of actual innocence.

Because of Strickland's admissions, the issue of <u>Rehaif</u> – that of the Government's burden of providing that the defendant knows his status – is not relevant here.  <u>See</u> <u>Clay v. United States</u>, 4:19-CV-2015 AGF, 2019 WL 6842005, at *3-4 (E.D. Mo. Dec. 16, 2019) (citing <u>Taylor v. Huggins</u>, 2019 WL 6481799, at *4 (N.D. W. Va. 2019) (explaining that <u>Rehaif</u> did not apply to

petitioner's motion because he "pleaded guilty to this charge in a plea agreement which set forth the elements of the offense"); Moore v. United States, 2019 WL 4394755, at *1 (W.D. Tenn. 2019) (explaining that unlike Rehaif, who went to trial, petitioner "pleaded guilty, waived his right to trial, and accepted responsibility for his actions"); and United States v. Shobe, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (stating that Rehaif had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm")). Based on the nature of his prior convictions and the amount of time he was incarcerated, Strickland cannot now allege that on January 31, 2017, when he committed the offense for which he was convicted, he did not know he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year.

Further, Strickland fails to allege any new and reliable evidence that indicates his innocence. As a result, Strickland cannot show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

Accordingly, the Court finds Strickland has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding.

### b. Strickland's Rehaif Claim is Procedurally Defaulted

A defendant may properly claim in a Section 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." Davis v. United States, 417 U.S. 333, 346 (1974); id. at 346-47 ("There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255" (quoting Hill, 368 U.S.at 428). Because Rehaif narrows

the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review. Welch v. United States, 578 U.S. 120, 132 (2016); Ramsey, 2020 WL 5230891 at *10.

As a general rule, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003); see Wainwright v. Sykes, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); Murray v. Carrier, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted). Here, Strickland did not raise a knowledge-of-prohibited-status objection in his direct proceedings or his appeal to the Eighth Circuit. As a result, Strickland's Rehaif claim is subject to procedural default.

To overcome procedural default, Strickland must show both "cause" for the default and "actual prejudice" from the asserted Rehaif error, or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998). Here, Strickland has not alleged, much less established, the requisite showing of "cause." Even assuming for purposes of argument that Strickland could successfully show cause for his procedural default, the record establishes he cannot show the alleged Rehaif error resulted in actual prejudice. Strickland is unable to demonstrate a reasonable probability that but for the error he would not have entered the guilty plea.

Because Strickland cannot satisfy the "cause and prejudice" showing, he must make a threshold showing of "actual innocence." Smith v. Murray, 477 U.S. 527, 537 (1986). The "actual innocence" exception requires Strickland to show it was "more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S at 327-28. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "[A] petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a

petitioner is legally, but not factually, innocent." Brown v. United States, No. 4:19-CV-1891 HEA, 2020 WL 7181315 at * 3 (E.D. Mo. Dec. 7, 2020). In analyzing a claim of actual innocence, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup, 513 U.S at 328.

Strickland has not alleged actual (or factual) innocence. As discussed above, any claim of actual innocence by Strickland would fail. Any notion that Strickland was somehow unaware of his status as a convicted felon is implausible. As the Eighth Circuit has observed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a Rehaif error in a guilty plea affected his substantial rights." United States v. Caudle, 986 F.3d 916, 922 (8th Cir. 2020) (citation omitted); see also United States v. Hollingshed, 940 F.3d 410, 416 (8th Cir. 2019) (applying plain error review to Rehaif claim raised on direct appeal and concluding that because defendant had served approximately four years in prison on prior conviction, he could not "show a reasonable probability that, but for the error, the result of the proceeding would have been different."); United States v. Everett, 977 F.3d 679, 686-87 (8th Cir. 2020) (accord); United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020) (no plain error when defendant was previously incarcerated for more than one year).

Thus, the Court finds Strickland cannot establish either cause and prejudice to excuse his procedural default or actual innocence, and his Rehaif claim is procedurally defaulted.

### c. Strickland's Rehaif Claim Fails on the Merits

As stated above, a claim of ineffective assistance of counsel may constitute an exception to a movant's waiver of his Section 2255 rights. Here, Strickland does not expressly allege a claim

under <u>Rehaif</u> that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional. Strickland asserts instead that his defense attorney was ineffective for failing to obtain mental health records or opinions to establish that Strickland was suffering from mental health issues at the time he possessed the firearm on January 31, 2017, which precluded him from being aware he had a previous criminal conviction such that he could not legally possess a firearm. The Court will liberally construe Strickland's claim to assert an ineffective assistance of counsel claim based on <u>Rehaif</u>.

This claim fails on the merits. As stated above, a guilty plea and representations made by a defendant during the plea-taking process create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." <u>Nguyen</u>, 114 F.3d at 703. When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. <u>Id.</u> "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Tran v. Lockhart</u>, 849 F.2d 1064, 1068 (8th Cir. 1988).

To the extent Strickland alleges ineffective assistance of counsel to circumvent the waiver in his Plea Agreement, his claim fails under the first prong of the <u>Strickland</u> test, as "counsel [is] not required to make meritless objections under then-existing precedent, anticipate changes in the law, or raise every potentially meritorious claim." <u>United States v. Garza</u>, 340 F. App'x 243, 244-45 (5th Cir. 2009) (per curiam); <u>see</u> <u>Ragland v. United States</u>, 756 F.3d 597, 601 (8th Cir. 2014) (counsel's failure to anticipate a change in the law does not constitute ineffective assistance); <u>Brown v. United States</u>, 311 F.3d 875, 878 (8th Cir. 2002) ("counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance."); <u>Thomas</u>

v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel was not ineffective for failing to raise a meritless issue.) Here, the Supreme Court's Rehaif opinion was issued on June 21, 2019, sixteen months after Strickland was sentenced in the underlying criminal case. Prior to that, the United States Court of Appeals for the Eighth Circuit, and every other federal circuit court to consider the issue, held that the knowledge requirement in Section 924(a)(2) applied only to a defendant's possession of a firearm or ammunition, not to his restricted status. See Ramsey, 2020 WL 5230891, at *11 (citing United States v. Hutzell, 217 F.3d 966, 967-68 (8th Cir. 2000), and cases from other circuits).

Because Strickland cannot establish that defense counsel's performance was deficient, the Court will dismiss his claim. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1996) (failure to satisfy both prongs of the Strickland analysis is fatal to the claim).

C. Supplemental § 2255 Motion

As stated above, Strickland sent a letter to the Court dated July 20, 2020 (1:20-CV-30, ECF No. 8), after the United States filed its Response to Strickland's § 2255 motion. In the letter, Strickland asserts "there was discussion that I was not going to be an armed career offender. My attorney deceived me by saying that we had to agree to everything in court in order to get some l[e]niency in my sentence." (Id. at 2.) Strickland states his attorney "promised and guaranteed me less than 10 years if I would just agree all along during plea agreements and sentencing." (Id.) The Court interprets the letter as a Supplemental § 2255 Motion asserting a new claim of ineffective assistance of counsel based on incorrect advice concerning the likely sentence Strickland would receive. The United States did not file a response to this claim.

A federal criminal defendant's right to be apprised of the court's sentencing options extends no further than the provisions of Federal Rule of Criminal Procedure 11(c)(1), which requires the court to inform the defendant of the applicable mandatory minimum and maximum

sentences. United States v. Quiroga, 554 F.3d 1150, 1155 (8th Cir. 2009) (collecting cases). "[I]naccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." Id. (citations omitted).

This principle also applies to a claim of ineffective assistance of counsel based on an alleged error by defense counsel in estimating the sentencing range a defendant may receive under the Guidelines. Walker v. United States, 810 F.3d 568, 578 (8th Cir. 2016) (counsel's error about sentencing range or likely punishment does not render plea involuntary where defendant was informed of maximum sentence). Specifically relevant to Strickland's claim, the principle also applies to a defense attorney's failure to explain, prior to a guilty plea, that a defendant might be classified as a career offender and subject to enhanced penalties as a result. Thomas v. United States, 27 F.3d 321, 325-26 (8th Cir. 1994) (holding under circumstances of the case that failure of counsel to inform defendant of the possibility he might be sentenced as a career offender did not establish that the lawyer's "representation fell below an objective standard of reasonableness.").

At Strickland's change of plea hearing, the Court advised Strickland that he faced a maximum sentence of not more than ten years, but that there was a possibility he might be determined to be an armed career criminal subject to a mandatory minimum sentence of fifteen years and a maximum sentence greater than the "not more than ten years" sentence. Strickland testified that he had full knowledge of these possibilities, had discussed them with counsel, and was aware he would not be able to withdraw his sentence if the Court were to determine he was an armed career criminal.

Under these circumstances, Strickland cannot establish that his plea was involuntary or unknowing based on the inaccurate advice of counsel, because Strickland was completely informed about his potential sentence before he entered his guilty plea. Strickland's plea was knowing and voluntary, and the alleged deficient performance by his counsel (if any) could not have prejudiced him. See Thomas, 27 F.3d at 325-26. Nor does Strickland allege that absent his counsel's alleged misrepresentation or error, he would have insisted on going to trial. As a result, this claim of ineffective assistance of counsel fails. See Hill, 474 U.S. at 59. This ground is without merit and will be dismissed.

**V. Conclusion**

For the foregoing reasons, the Court concludes that Strickland fails to demonstrate that his plea counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced as a result. Strickland, 466 U.S. at 687-88. In addition, Strickland's letter dated April 29, 2022 (ECF No. 10), construed as a motion for recusal, will be denied.[6]

Accordingly,

**IT IS HEREBY ORDERED** that Movant Lawrence J. Strickland's motion for recusal (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Lawrence J. Strickland's pro se Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Lawrence J. Strickland's Supplemental § 2255 Motion (ECF No. 8) is **DENIED**.

---

[6]The Judicial Council of the Eighth Circuit dismissed Strickland's judicial complaint against the undersigned Judge on July 20, 2022, see JCP No. 08-22-90040; and Strickland's petition for review of that dismissal was denied on October 3, 2022. Id. As a result, Strickland has not established any reason for this Court to recuse itself.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Strickland's § 2255 Motion or Supplemental Motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

A separate Judgment will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of October, 2022.